UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD NOLEN MOSIER, | No. 2:24-cv-02282-CKD |
| Petitioner, | |
| v. | ORDER |
| KOREY HONEA, | |
| Respondent. | |

Petitioner, a county inmate proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion to proceed in forma pauperis.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of this action. Accordingly, the motion to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

**I.    Factual Background**

According to the § 2254 application, petitioner is serving an 18 month sentence for burglary, possession of a controlled substance, and prowling following his conviction in the Butte County Superior Court.[1]  Petitioner raises four challenges to his conviction. First, he asserts that

---

[1] At one point on the § 2254 application, petitioner indicates that he is still awaiting trial. If petitioner is a pretrial detainee, he is advised that a habeas corpus petition pursuant to 28 U.S.C. § 2241 is the proper procedural vehicle for challenging his ongoing custody. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003) (citing Braden v. Judicial Circuit Court, 410 U.S.

1

his arrest was late.  Next, petitioner contends that a Chico police officer lied about petitioner going through drawers at the crime scene.  Petitioner also asserts that he was discriminated against in the community on two occasions.  Lastly, petitioner believes that an officer behaved improperly by asking him if he was homeless.

**II.     Legal Standards**

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminary review of each petition for writ of habeas corpus.  While pro se habeas corpus petitions are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court must dismiss a petition "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error.  Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908 F.2d at 491.  A court may dismiss a petition when "it appears from the application that the applicant or person detained is not entitled" to habeas relief.  28 U.S.C. § 2243.  However, a habeas petition should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**III.    Analysis**

Having conducted a preliminary review of petitioner's § 2254 application, the court finds that it fails to specify any constitutional violation entitling him to relief.  Habeas relief is only warranted if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The allegations in the § 2254 petition are simply too vague to raise any constitutional claim for relief.  As a result, the court dismisses petitioner's habeas

---

484, 503 (1973) (explaining that § 2241 authorizes district courts to issue the writ of habeas corpus before a judgment is rendered in a state criminal proceeding)).

corpus application, but grants him leave to file an amended § 2254 petition.

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: October 18, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mosi2282.114.county

3