UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD NOLEN MOSIER,<br><br>   Petitioner,<br><br>   v.<br><br>KOREY HONEA,<br><br>   Respondent. | No. 2:24-cv-2282-CKD P<br><br>ORDER |

Petitioner Chad Nolen Mosier, a county inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 18, 2024, the court screened the petition, found its allegations were too vague to specify any constitutional violation entitling petitioner to relief, and dismissed the petition with leave to amend. (ECF No. 4.) The amended petition is before the court for screening. (ECF No. 5.)

**I. Screening Standard**

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

1

**II. Allegations in the Amended Petition**

Petitioner challenges a judgment of conviction in the Butte County Superior Court entered on June 17, 2024. (ECF No. 5 at 1.) He first brings a claim regarding jail conditions, alleging the food ports in B-Pod and A-Pod are not secure. (Id. at 4.) Petitioner next asserts there is "wrong information in the court's paperwork, such as a wrong address and wrong dates." (Id.) In ground three, petitioner alleges incompetence of counsel, who allegedly threatened petitioner because he would not take a deal. (Id. at 5.) Finally, petitioner asserts "attorney abandonment" in that his attorneys have failed to represent him twice while he has been in custody. (Id.)

According to the amended petition's allegations, petitioner did not appeal from the judgment of conviction. (ECF No. 5 at 1.) The only other petition, application, or motion filed with respect to the judgment of conviction is a use of force claim raised in the Butte County Superior Court. (Id. at 2.)

**III. Discussion**

**A. Insufficient Factual Allegations**

Petitioner has not remedied the defects identified in the court's initial screening order. In the court's initial screening order, the court found petitioner failed to specify a constitutional violation entitling him to relief based on the following asserted grounds:

> First, [petitioner] asserts that his arrest was late. Next, petitioner contends that a Chico police officer lied about petitioner going through drawers at the crime scene. Petitioner also asserts that he was discriminated against in the community on two occasions. Lastly, petitioner believes that an officer behaved improperly by asking him if he was homeless.

(ECF No. 4 at 1-2.)

The amended petition, while appearing to raise some different grounds for relief, suffers from the same deficiencies described in that order because it sets forth a mere sentence or two for each ground. More detailed factual allegations are required to state a claim.

Habeas Rule 2(c) requires that a petition (1) specify all grounds of relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a

2

constitutional error. Mayle v. Felix, 545 U.S. 644, 655 (2005). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Although the court understands petitioner to be asserting ineffective assistance of counsel, petitioner has not provided the necessary supporting facts for any claim and therefore has not specified a constitutional violation entitling him to relief. The amended petition must be dismissed.

### B. Scope of Habeas Jurisdiction

Petitioner's first ground for relief challenging jail conditions is outside the scope of this court's jurisdiction for a petition under 28 U.S.C. § 2254. Habeas jurisdiction extends only to claims challenging the validity or duration of a prisoner's confinement. See generally Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018). In contrast, issues related solely to the conditions of an inmate's confinement, which do not directly affect the fact of duration of custody, must be pursued in a civil rights action. See Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) ("§ 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"); id. at 935 (9th Cir. 2016) (claims that if successful would not necessarily lead to immediate or earlier release from confinement do not fall within the core of habeas corpus).

Because success on petitioner's claim regarding food ports at the jail could not lead to his immediate or speedier release from custody, ground one of the amended petition is outside the core of habeas corpus. Such a claim cannot be pursued in habeas petition and must, instead, be pursued in a civil rights action under 42 U.S.C. § 1983. See id. at 927-28.

### C. Exhaustion Requirement

The amended petition also fails to show petitioner exhausted state judicial remedies. A petitioner who wishes to collaterally challenge his state convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A), and the

court may raise the exhaustion issue sua sponte. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a fair opportunity to consider each claim before presenting it to the federal court, and by demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275 (1971); Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011). When none of a petitioner's claims have been presented to the highest state court, the court should ordinarily dismiss the petition. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims ... it may simply dismiss the habeas petition for failure to exhaust."). Only under limited circumstances which are not present here may an unexhausted habeas petition may be stayed pending exhaustion. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). The requirements for such a stay are the following: (1) the petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Mena, 813 F.3d at 910 (quoting Rhines v. Weber, 544 U.S. 269, 278 (2005)).

Here, petitioner's allegations in the amended petition suggest he has not exhausted state court remedies for any ground presented. The amended petition does not meet the requirements to be stayed. Thus, the amended petition should be dismissed.

### D. Leave to Amend

Petitioner will be granted another opportunity to amend to attempt to cure these deficiencies to the extent he can do so. In any amended petition, petitioner must address whether he has exhausted each ground for relief presented. If petitioner has not exhausted any claims, then this action should be dismissed without prejudice for failure to exhaust state court remedies. If that is the case, petitioner may file a notice of voluntary dismissal.

**PLAIN LANGUAGE SUMMARY FOR PRO SE PARTY**

The following information is meant to explain this order in plain English. This information is not intended as legal advice.

////

The court is dismissing your amended petition because you have not alleged enough factual details for the court to screen the claims you are attempting to bring. It also appears you have not exhausted your claims by presenting them to the highest state court before bringing them to this federal court, which is required. If you file a further amended petition, explain how you have already raised your claims to the highest state court. If you have not exhausted your claims, you may file a notice of voluntary dismissal which will terminate this case as a matter of law.

**IV. Order**

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. The amended petition for writ of habeas corpus is dismissed with leave to amend.

2. Within 30 days of the date of this order, petitioner shall file either a further amended petition for writ of habeas corpus or a notice of voluntary dismissal.

3. A further amended petition must bear the case number assigned to this action and the title "Second Amended Petition"; failure to respond to this order will result in a recommendation to dismiss this action.

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dated:  January 21, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

mosi2282.114