UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD NOLEN MOSIER,<br><br>Petitioner,<br><br>v.<br><br>KOREY HONEA,<br><br>Respondent. | No.  2:24-cv-2282-CKD P<br><br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Chad Nolen Mosier, a county jail inmate, proceeds in forma pauperis and seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. On two prior occasions, the court screened petitioner's allegations and found them too vague to specify any constitutional violation entitling petitioner to relief, among other deficiencies. (ECF Nos. 4, 6.) The second amended petition is before the court for screening. (ECF No. 5.)

**I.  Screening Standard**

In screening the habeas petition, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4's standard, if it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the district court is authorized to summarily dismiss a habeas petition. Neiss v. Bludworth, 114 F.4th 1038, 1044 (9th Cir. 2024); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

1

**II. Allegations in the Second Amended Petition**

Petitioner is in custody pursuant to a judgment of the Butte County Superior Court entered on June 17, 2024. (ECF No. 7 at 1.) In the second amended petition, petitioner alleges the tower officer lies about dayroom opportunities, petitioner's dirty laundry does not get washed, and he did not have a haircut for five months. (Id. at 4-5.)

**III. Discussion**

All of petitioner's allegations in the second amended petition are outside the scope of this court's jurisdiction under 28 U.S.C. § 2254. Habeas jurisdiction extends only to claims challenging the validity or duration of a prisoner's confinement. See generally Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018). Issues related solely to the conditions of an inmate's confinement which do not directly affect the fact of duration of custody must be pursued in a civil rights action. See Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) ("[42 U.S.C.] § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"); id. at 935 (9th Cir. 2016) (claims that if successful would not necessarily lead to immediate or earlier release from confinement do not fall within the core of habeas corpus).

Success on petitioner's claims in the second amended petition related to his conditions of confinement could not lead to his immediate or speedier release from custody. Such claims cannot be pursued through habeas corpus and instead can only be pursued in a civil rights action under 42 U.S.C. § 1983. See Nettles, 830 F.3d at 935.

The court considers whether to convert the habeas petition to a civil rights action. See Nettles, 830 F.3d at 936 ("a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). The second amended petition is not amenable to conversion because it lacks specific allegations against the named respondent and does not specify who petitioner seeks to hold personally responsible for the alleged denial of his rights. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation [for a civil rights claim] must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to

have caused a constitutional deprivation.").

Moreover, provisions of the PLRA would subject petitioner to filing fee requirements, sua sponte review of the complaint, and limits on the number of actions a prisoner may be permitted to file in forma pauperis. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. Prisoners proceeding in forma pauperis in civil rights cases are required to pay the $350 filing fee by way of periodic deductions from the prisoner's trust account, see 28 U.S.C. 1915(b)(1), regardless of whether the action is ultimately dismissed. Bruce v. Samuels, 577 U.S. 82, 86 (2016). Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not the case for habeas petitions. Considering all these factors, the second amended petition should not be converted to a civil rights action.

### IV. Leave to Amend

On two prior occasions, the court screened petitioner's allegations and found the allegations too vague to specify any constitutional violation entitling petitioner to relief, among other deficiencies. (See ECF Nos. 4, 6.) In the second amended petition, petitioner raises no grounds for relief that are cognizable on habeas corpus. It now clearly appears that granting further leave to amend to file an amended petition would be futile. Accordingly, the petition should be summarily dismissed without further leave to amend.

### V. Plain Language Summary for a Pro Se Party

The following information is meant to explain this order in plain English. This information is not intended as legal advice.

It is being recommended that this case be dismissed because the grounds raised in your second amended petition are outside the scope of this court's jurisdiction for habeas corpus. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations" and explain why you disagree.

### V. Order and Recommendation

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case.

1         In addition, IT IS HEREBY RECOMMENDED that the second amended petition for writ of habeas corpus be summarily dismissed and no further leave to amend be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. In any objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 4, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mosi2282.scrn.fr